IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.Z., a minor by and through his )
Guardian ad Litem, JASON ZYSMAN, )
                                 )     2:09-cv-03209-GEB-GGH
              Plaintiff,         )
         v.                      )     ORDER
                                 )
AMADOR COUNTY UNIFIED SCHOOL     )
DISTRICT and ALLAN VAN VELZEN,   )
                                 )
              Defendants.        )
_____)

          Plaintiff, a minor by and through his guardian ad litem,
filed a petition for approval of minor's compromise ("Petition") on
June 21, 2010.  The Petition was heard on July 19, 2010.  Plaintiff
seeks in his Petition approval of a $150,000 settlement reached by the
parties on May 7, 2010 during mediation of Plaintiff's claims
("Settlement Payment").  The reasons stated in the Petition and at the
hearing are sufficient to justify approving it, and it will be
approved.

          A federal court is required to considered the fairness of a
settlement to a minor and "[i]n considering the fairness . . . federal
courts generally are guided by state law."  Schwall v. Meadow Wood

1   Apartments, 2008 WL 552432, at *1 (E.D. Cal. 2008) (citing 2

2   Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal

3   Procedure Before Trial (2002) Pretrial Conference and Settlement

4   Procedures, ¶ 15:138; Cal. Prob. Code § 3601; and Cal. Code Civ. P. §

5   372).  Further, the court approving a minor's compromise "shall . . .

6   authoriz[e] and direct[] that reasonable expenses, medical or

7   otherwise and including reimbursement to a parent, . . . shall be paid

8   from the money or other property to be paid or delivered for the

9   benefit of the minor . . . ."  Cal. Prob Code § 3601(a).

10          The Petition includes a request for approval of payment of

11  $37,499[1] in attorney's fees to Plaintiff's counsel at the law office

12  of Beyer Pongratz & Rosen.  Additionally, Plaintiff seeks payment of

13  $495.26 for filing fees, process server fees, and other copy fees to

14  Beyer Pongratz & Rosen and reimbursement to Plaintiff's parents for an

15  initial fee of $1,500 paid to Beyer Pongratz & Rosen, for a total of

16  $1995.26 in costs.  (Id. 5:19-6:2)  The $37,499 represents 25% of the

17  gross proceeds of the Settlement Payment, which was agreed to in an

18  August 20, 2009 contingency fee agreement entered into by Plaintiff

19  through his guardian ad litem.  (Petition 5:25-27.)  "The Sacramento

20  County Superior Court's local rule governing attorney's fees for

21  claims brought by minors prescribes that 25% 'shall be considered

22  reasonable under usual circumstances' for '[s]ettlement[s] without the

23  commencement of a court trial,' which is the case here."  Welch v.

24  Cnty of Sacramento, 2008 WL 3285412, at *1 (E.D. Cal. 2008) (quoting

25

26  _____

27          [1]   Plaintiff's counsel agreed at the hearing to reduce the
    original amount sought, $37,500, by $1.00 in order to correct an error
28  in the Petition regarding the amount of the lien belonging to Bowman &
    Associates.

1   Local Rules for the Super. Ct. of Cal., County of Sacramento R.

2   10.02).

3          Plaintiff also seeks to have disbursed from the Settlement

4   Payment, payment to the law firm that represented Plaintiff in

5   injunction matters related to this case and to the law firm that

6   represented Plaintiff in a criminal matter Plaintiff also represents

7   is related to this case.  Specifically, Plaintiff seeks payment of

8   $5,200.23 to Beyer Pongratz & Rosen for defending Plaintiff in the

9   criminal matter, and payment of $4,601 to the law office of Bowman &

10  Associates for representing Plaintiff "in several restraining order

11  matters related to altercations at school in which Plaintiff was

12  involved."  (Id. 6:5-6.)  Plaintiff has sufficiently explained the

13  appropriateness of paying these fees.

14         Lastly, Plaintiff seeks to have disbursed from the

15  Settlement Payment $2,015.66 to his parents for medical bills advanced

16  on behalf of Plaintiff.  California Probate Code § 3601 prescribes

17  that the court approving a minor's compromise "shall . . . authoriz[e]

18  and direct[] that reasonable expenses, medical or otherwise and

19  including reimbursement to a parent, . . ., shall be paid from the

20  money or other property to be paid or delivered for the benefit of the

21  minor . . . ."  Cal. Prob. Code § 3601(a).  Plaintiff explains in the

22  Petition that his "father has medical insurance from his employer but

23  has still incurred out-of-pocket medical expenses related to

24  [Plaintiff's] psychological condition . . . ."  (Petition 6:16-17.)

25  Further, the Petition describes how the $2,015.66 was spent on

26  Plaintiff's medical condition.

27         The settlement reached is reasonable and fair, and in the

28  best interests of the minor; therefore, the minor's compromise is

approved.  Accordingly, disbursement of the $150,000 settlement funds shall be paid to Plaintiff's counsel for distribution as follows: $2,015.66 shall be reimbursed to Plaintiff's parents for medical bills advanced on behalf of Plaintiff; $1,500 shall be reimbursed to Plaintiff's parents for legal costs advanced on behalf of Plaintiff; $37,994.26 shall be paid to the law office of Beyer Pongratz & Rosen for attorney's fees and costs; $5,200.23 shall be paid to Beyer Pongratz & Rosen to satisfy the lien for defending Plaintiff in the above-referenced criminal matter; and $4,601 shall be paid to the law office of Bowman & Associates for representing Plaintiff the above-referenced injunction matters.  The remaining $98,688.85 shall be deposited into an FDIC insured blocked account on behalf of Plaintiff, and none of this deposited money shall be withdrawn without court order or until August 20, 2011, the date on which Plaintiff reaches the age of majority.  Lastly, Plaintiff's counsel agreed at the hearing to represent the minor should the minor seek to withdraw any of the referenced deposited money before he reaches the age of majority, and that the 25% in attorneys' fees includes any necessary representation for this purpose.

        This case shall be closed.

Dated:  July 19, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge